IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Sample,                                    Case No. 3:10 CV 2943

                      Plaintiff,                  MEMORANDUM OPINION
                                                  AND ORDER

             -vs-
                                                  JUDGE JACK ZOUHARY

United States Government,

                      Defendant.


*Pro se* Plaintiff Ronald Sample filed this action against the United States Government.  The brief Complaint alleges "the parties" were served with an action captioned *Ronald Sample Children of the Sun vs. United States Government*.  The Endangered Species Act of 1973 is also mentioned.

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, Plaintiff has failed to state a ground upon which relief can be granted and this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                        *s/ Jack Zouhary*
                        JACK ZOUHARY
                        U. S. DISTRICT JUDGE

                        February 15, 2011